## Case No. 16,393a.

UNITED STATES v. STEVENS et al.

[N. Y. Times, Aug. 12, 1865.]

District Court, S. D. New York. 1865.

INTERNAL REVENUE LAWS — WHO IS A MANUFACTURER.

[A person, having a contract with the government to furnish a lot of knapsacks, purchased the cloth, and had it cut and sewed together and painted elsewhere, and then delivered the goods to defendants, who put upon them the leather straps, buckles, &c., necessary to complete the knapsacks. The cost of this work was nearly but not quite as much as the cost of what was previously done. Held, that the government contractor, and not the defendants, were the manufacturers of the knapsacks, within the meaning of the statute.]

This was an action [against Stevens & Carples] to recover the internal revenue duty on twenty-five thousand knapsacks alleged by the government to have been manufactured by the defendant, amounting to about $12,000. It appeared in evidence that a man named McComb, residing in Delaware, had a contract with the government to furnish so many knapsacks. He accordingly bought the cloth and had it cut, sewed together and painted elsewhere, and then delivered them to the defendants to have them put on the leather straps, buckles, &c., which were necessary to finish them,—the cost of the work which they did being nearly but not quite as much as the cost of what was done before the knapsacks were delivered to them. When they had done their work on them they delivered them to McComb, who delivered them to the government on his contract.

Mr. Smith, U. S. Dist. Atty.

Mr. Fullerton, for defendants.

## Case No. 16,393b.

UNITED STATES v. STEVENS et al.

[N. Y. Times, Aug. 12, 1865.]

District Court, S. D. New York. 1865.

INTERNAL REVENUE — WHO ARE MANUFACTURERS.

[Persons who, by a special agreement with the manufacturers of knapsacks, supplied and

sewed upon each knapsack two small straps and buckles, without any other connection with or participation in the production thereof, are not to be regarded as manufacturers, within the 75th section of the act of July 1, 1862 (12 Stat. 462), and are not liable to pay the tax thereon.]

This was a motion for a new trial on a case. The action was in assumpsit [against William S. Stevens and Bernard Carples] for the recovery of taxes to the amount of $16,000. The declaration alleged that the defendants, as copartners, were indebted to the plaintiffs in that sum on March 1, 1863, according to the provisions of the 75th section of the internal revenue act of July 1, 1862, "for the duties on knapsacks manufactured and sold and removed for consumption and for delivery to others than agents of the manufacturers, within the limits of the United States," &c., &c. A plea of the general issue was interposed, with a notice annexed that on the trial the defendants would prove that the knapsacks were manufactured and sold, not by the defendants, but by one Henry S. McComb, under contracts entered into by him with the government; that the defendants had no interest in the contracts, and were neither parties nor privies thereto; that the materials used in making the knapsacks, except buckles and brass trimmings, were furnished by McComb; and that the defendants and their workmen were employed by McComb simply to strap and finish the knapsacks after they had been delivered to them by McComb in an advanced stage of completion, and were paid by McComb for such work and labor.

The case being brought to trial before a jury, there was no difference between the government and the defendants as to the facts of the case, and accordingly the court directed the jury to find for the defendants, with leave to the plaintiffs to move, upon a case to be made, to have the verdict set aside, and have judgment entered in their favor for the amount of taxes claimed. [Case No. 16,393a.]

Mr. Courtney, for the United States.
Mr. Elmore, for defendants.

BY THE COURT (BETTS, District Judge). According to the proofs a fabric is equally entitled to the denomination of knapsack, whether manufactured in an exceedingly simple and cheap form, a single bag or sack, or connected with additional appendages, the union of the two comprising larger conveniences, superior finish and greater mechanical skill and labor. They are, when constructed either way, a manufactured article, the complete knapsack embraced in the denomination given to the article in the revenue laws declared upon. Two classes of citizens or subjects of the government are liable to taxation under the statute in question. The first may be said to be the producers of the article. Being an article of general and extensive merchandise and traffic, the masses in number and value of the commodities will probably be concentrated in most instances in the hands of capitalists or general dealers, and not be supplied individually by them as citizens and manufacturers. They acquire, hold and vend the articles and pay assessments upon them as marketable property and effects, equally if obtained in market overt or in fabrication as mechanics themselves.

The second general class will be that of the actual manufacturers of the commodities taxable. There, also, it will doubtless be found that practically a meagre proportion of the artizans personally are made liable to pay duties directly upon the fabrics, or that the actual makers are discriminated or known from contributors of materials, funds, labor or other aids to the general production. Where cases do exist in which manufactured property is owned and held, and sold or removed for consumption, or for delivery to others than agents of the manufacturers, &c., &c., upon whatever terms or conditions the manufacture may have been created and produced as between the mutual proprietors thereof, it will be competent to the government to deal with common property so produced and held under the law in question, with all the legal rights and remedies that might be exercised by individuals against persons standing in like relations in respect to each other, and reciprocal rights and responsibilities springing therefrom.

Upon that principle the United States, assuming that the defendants are manufacturers of dutiable products which are subject by law to the payment of $16,000 of duties or assessments, claim by implication a contract and promise by the defendants to pay that sum to the plaintiffs, and the defendants are sued as co-partners, claimed by the plaintiffs to be engaged in the business of manufacturing knapsacks. But they prove themselves to have been employed therein by McComb under an agreement with him to assist and aid in that business. The only work they did in the making of the knapsacks was supplying and sewing two small straps and buckles on each one, the material being of the value of a few cents for each knapsack. All the rest of the knapsacks were made and painted and the materials furnished by McComb, with whom the defendants were not connected in business except in these special particulars.

The declaration avers no undertaking on the part of the defendants binding them to make the knapsacks for the use of the government, or to secure or pay the duties recoverable from any party on the completion of the manufactured articles. That matter on the terms of the contract between the defendants and McComb remained in the hands of the defendants as agents, or sub-workers of McComb, or was entirely at

the disposal of McComb, as the producer or manufacturer thereof, or the sole agent shown by the evidence entitled to the delivery. The incidental services performed by the defendants cannot in any propriety of speech be termed making or manufacturing the article, any more than cutting and stitching a pair of straps to the legs of boots by a bootmaker, can be called manufacturing or making indefinite quantities of boots.

Considering the suit, then, upon the pleadings and proofs offered by the plaintiffs, it must be adjudged not sustained upon grounds of legal sufficiency in technical points of view, or upon the merits, and the decision of the case must be in favor of the defendants. Judgment for defendants on the verdict.

[The case was again submitted on written briefs, and the conclusion above reached was adhered to by the court, and judgment entered accordingly. Case No. 16,393.]

## Case No. 16,394.